**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
December 18, 2018

_____

In re:
    Linda Ellis,                                                      Chapter 13
          Debtor.                                              Case # 18-10399

_____

## SCHEDULING ORDER
### ON DEBTOR'S MOTION TO DETERMINE VALUE AND MORTGAGE CREDITOR'S OPPOSITION, ADDITIONAL FILINGS, AND CONTINUED CONFIRMATION ORDER

On October 15, 2018, Linda Ellis (the "Debtor") filed a motion to determine the value of her real property and fix the amount of the claim held by the creditor secured by that property (doc. # 15, the "Motion"). The Motion sought (i) a valuation of $47,000 for the Debtor's residence at 28 Elm Street, Rutland, Vermont (the "Property"), (ii) to bifurcate the claim of mortgage creditor Wells Fargo Home Mortgage ("Wells Fargo"), (iii) to fix the secured portion of Wells Fargo's claim at $47,000, and (iv) to authorize the Debtor to pay that secured claim with interest at the reduced rate of 5% per annum. The Debtor served notice of the Motion under the Court's default procedure, with an objection deadline of October 29, 2018, and filed a certificate of service indicating she had served the Motion and notice on both Wells Fargo Bank, N.A. as the mortgagee, and SN Servicing Corporation, the entity servicing the mortgage (doc. # 15-4).

Although no one filed an objection to the Motion by the stated late October deadline, the Court entered a docket entry indicating the hearing would stay on because it was unclear from the record that the Debtor had properly served Wells Fargo. This question arose because the Debtor's certificate of service (attached to the Motion) contained the correct officer name and street address, but incorrectly stated the city of Wells Fargo's location as Los Angeles, California, rather than San Francisco. (The certificate of service demonstrates the Debtor effected proper service on SN Servicing Corporation.)

On November 14, 2018, more than two weeks after the deadline for objecting to the Motion, the mortgage creditor filed an objection to the Motion and, on December 10, 2018, it filed a supplemental memorandum of law in support of that objection (doc. ## 18, 21, respectively, collectively, the "Opposition"). The Opposition argues the Debtors' Motion should be denied on the following grounds:

1

(a) the Motion impermissibly attempts to modify a claim secured only by a security interest in real property that is the Debtor's principal residence, contrary to 11 U.S.C. § 1322(b)(2); (b) the Debtor's stated valuation of $47,000, based on a November 1, 2016 appraisal, is inadmissible hearsay, is outdated, and severely undervalues the Property; and (c) Wells Fargo has not had the opportunity to conduct its own appraisal.

Wells Fargo also filed an objection, and amended objection, to confirmation of the Debtor's plan (doc. ## 17, 21, respectively), arguing, inter alia, (x) the City of Rutland's 2017 assessment of the Property, showing a value of $110,600, should control for purposes of determining the value of Wells Fargo's collateral and allowance of its secured claim; (y) the Debtor's proposal to pay the Wells Fargo claim at a reduced interest rate of 5% fails to meet the standard established by Till v. SCS Credit Corp., 541 U.S. 465 (2004), and the Debtor should be required to pay the Wells Fargo claim with interest at a rate between 7.25% and 8.25%, and (z) the Debtor's plan impermissibly modifies Wells Fargo's claim which is secured solely by the Debtor's principal residence, in violation of § 1322(b)(2).

On December 14, 2018, the Court held a hearing to address confirmation of the Debtor's plan and the Motion, at which Rebecca Rice, Esq., appeared on behalf of the Debtor, Jeffrey White, Esq., appeared on behalf of Wells Fargo, and Jan Sensenich, Esq., appeared in his capacity as chapter 13 trustee. As a preliminary matter, the Debtor's attorney pointed out the need to identify the mortgage creditor in this case, as it was unclear Wells Fargo now holds the subject mortgage. Attorney White responded that Wells Fargo transferred the subject mortgage to U.S. Bank just prior to the filing of this case and, going forward, he would represent U.S. Bank in connection with the mortgage claim. He also asserted he would soon file a new notice of appearance, indicating he now represents U.S. Bank herein. The record reflects U.S. Bank filed its proof of claim on November 21, 2018, showing Wells Fargo transferred the mortgage to it on August 14, 2018 (claim # 5-1, p. 28). Crucial to the issue of service herein, U.S. Bank's proof of claim also stated notices related to its claim in this case should be sent to SN Servicing Corporation.

The Debtor argued service of the Motion had been adequate, since even if there was a defect in the service on Wells Fargo, notice to SN Servicing Corporation was proper and satisfied all service requirements. Based on this alleged sufficient service, the Debtor contended the mortgage creditor's Opposition to the Motion was untimely and should be overruled on that basis. Attorney Rice indicated she would research her records and file a statement addressing whether the Debtor had served Wells Fargo at the correct San Francisco address, to bolster her position the mortgage creditor has waived its right to oppose either the Motion or the plan that implements the relief the Debtors obtained through the Motion.

Attorneys Rice and White also presented arguments with respect to whether the Property is subject to the anti-modification provisions of § 1322(b)(2), and how the facts and circumstances of the Property compare to those underlying this Court's decision in In re Galaske, No. 11-10891, 2011 Bankr. LEXIS 4510 (Bankr. D. Vt. 2011), and the jurisprudence upon which it relied. Because of the recent transfer of the claim, and the unavailability of a complete file, Attorney White was unable to state whether the Debtor in fact utilized the Property to generate rental income "at the time of the mortgage transaction," whether the lender was under the impression the Property was used "solely as the [Debtor's] principal residence," at the time the loan was made, and whether the original mortgage lender was on notice of the Property's use at that time. See id. at *3. Attorney White also requested the Debtor make the Property available for his client to do an appraisal in the event the Court finds either that the mortgage creditor did not waive its right to object to the Motion, or the Property is not subject to the anti-modification provisions of § 1322(b)(2). Attorney Rice agreed to continue the hearing so Attorney White could gather more information and stated her client would cooperate in the creditor's appraisal of the Property.

At this time, there are three open legal issues in this case: (1) whether the Debtors properly served the Motion on the mortgage creditor; (2) if so, whether the mortgage creditor's failure to timely object to the Debtor's modification of the mortgage terms through the Motion compels denial of the mortgage creditor's objection to the plan based on the same modification of the mortgage terms; and (3) if the mortgage creditor is not barred from seeking relief through an objection to confirmation, at this time, whether its objection to the Debtor's modification of the mortgage terms under §1322(b)(2) has merit, under controlling case law.

Based on the arguments the Debtor, the mortgage creditor, and the trustee presented at the December 14, 2018 hearing, and the record in this case, IT IS HEREBY ORDERED that:

1. **by December 28, 2018**, the Debtor shall file an affidavit, setting out the details of service of the Motion, especially with respect to the city in which Wells Fargo was served; and
2. **by January 3, 2019,** the current mortgage creditor, U.S. Bank, shall file a response to the Debtor's affidavit and state its position as to the adequacy of service of the Motion.

After the Debtor files this affidavit and U.S. Bank files its response, the Court will determine whether the mortgage creditor was adequately served and waived its right to oppose the relief sought in the Motion.

IT IS FURTHER ORDERED that, if the Court determines the Debtor's service of the Motion was inadequate, and the mortgage creditor has not waived its right to oppose the Motion, then

a. U.S. Bank may arrange for an appraisal of the Property, and the Debtor shall cooperate with the creditor and appraiser to ensure the appraisal is completed as swiftly as possible; and

    b. If U.S. Bank (i) needs to amend the Opposition it filed, based on the valuation found in a new appraisal, or (ii) wishes to file an additional supplement to the Opposition, to address the original lender's knowledge of how the Debtor was using the Property at the time of the mortgage transaction, those supplemental pleadings must be filed **by February 1, 2019**; and

    c. If the Debtor or trustee wishes to respond to U.S. Bank's amended Opposition or supplement, they shall do so **by February 8, 2019**; and

    d. The parties shall appear at a continued hearing on both plan confirmation and the Debtor's Motion, **on February 15, 2019, at 1:30 PM** at the U.S. Bankruptcy Court in Rutland, Vermont.

IT IS FURTHER ORDERED that if, by contrast, the Court determines the Debtor's service of the Motion was adequate, and the mortgage creditor has waived its right to oppose either the Motion or the plan that implements the relief the Debtors obtained through the Motion, then the continued hearing on **February 15, 2019, at 1:30 PM** at the U.S. Bankruptcy Court in Rutland, Vermont, shall focus only on the confirmation of the plan.[1]

    SO ORDERED.

Burlington, Vermont  
December 18, 2018

                                                    Colleen A. Brown  
                                                    United States Bankruptcy Judge

---

[1] As there would no longer be any outstanding objections in this scenario, and because the Debtor testified to the proposed plan payments, if the trustee files a proposed confirmation order prior to 10:00 a.m. on February 14, 2019, the Court may enter the confirmation order and cancel the February 15th hearing.